UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ANTOINE JOHNSON,                       :

                    Plaintiff,         :

          -against-                    :

                                       :

ALFRED MASTARRIGO,                     :

                    Defendant.    :
-----------------------------------X

**ORIGINAL**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**08 CV 1324**

Docket No.

**JUDGE KARAS**

FILED
U.S. DISTRICT COURT
2008 FEB 11 AM 9:49
S.D. OF N.Y.

**NOW COMES** plaintiff, by his attorneys, Shafran & Mosley,

P.C., of 350 Fifth Avenue, Suite #2310, New York, New York 10118,

as and for his complaint against defendant herein, alleges the

following on information and belief:


                    **PRELIMINARY STATEMENT**


     1.   The plaintiff brings this action to recover damages

resulting from certain acts and/or omissions of the defendant.  As

set forth with specificity below, said acts and/or omissions

constituted negligence in the ownership, operation, maintenance,

management and control of a motor vehicle upon the public roadways

of the State of New York.


                         **JURISDICTION**


     2.   This action is brought in the United States District

Court because plaintiff does not share residence with any defendant

and the amount in controversy exceeds $ 75,000, this case is

correctly in federal court for diversity of citizenship reasons.

1   Under 28 U.S.C. § 1332(a)-(b)and the common law of the State of New
2   York.

3                                        **VENUE**

4

5      3.   Pursuant to 28 USC § 139 (b), this action properly lies
6   in the Southern District of New York because the claim arose in
7   this judicial district.

8

9                                      **PARTIES**

10

11      4.      That at all the times hereinafter mentioned, and at
12   the time of the commencement of the action, defendant ALFRED
13   MASTARRIGO resided and does reside at P.O. Box 569, Greenwood Lake,
14   situated in the County of Orange and State of New York.

15      5.      That at all the times hereinafter mentioned,
16   defendant ALFRED MASTARRIGO owned a certain motor vehicle commonly
17   known as a 2003 Chevrolet New York plate number CMW-4020 or similar
18   thereto (hereinafter referred to as the "Chevrolet").

19      6.      That at all the times hereinafter mentioned
20   defendant ALFRED MASTARRIGO operated the afore described Chevrolet.

21      7.      That at all the times hereinafter mentioned
22   defendant ALFRED MASTARRIGO maintained and managed the afore
23   described Chevrolet.

24      8.      That at all the times hereinafter mentioned
25   defendant ALFRED MASTARRIGO controlled the afore described
26   Chevrolet.

27

28                                    2

9.        That    at    all    the    times    hereinafter mentioned
defendant    ALFRED    MASTARRIGO    controlled    the    afore    described
Chevrolet.

10.        That    at    all    the    times    hereinafter    mentioned
defendant ALFRED MASTARRIGO had and assumed an affirmative duly to
exercise reasonable care in the, operation, maintenance, management
and control of the afore described Chevrolet.

11.        That    at    all    the    times hereinafter mentioned
defendant ALFRED MASTARRIGO operated the afore described Chevrolet
with the knowledge, permission and consent of its owner.

12.        That at all the times hereinafter mentioned, that
roadway, highway or thoroughfare commonly known as Hylan Boulevard
at or near its junction with the Robinson Avenue were and still are
public streets, highways or roadways in the County of Richmond,
State of New York.

13.        That on or about the 13th day of May, 2006, while
plaintiff ANTOINE JOHNSON was operating a motor vehicle, and while
exercising reasonable care and due diligence hereat, he was caused
to be grievously injured when said Chevrolet did strike and
otherwise collided with the said plaintiff's vehicle in the rear at
the afore described location.

14.        That the occurrence as described herein and the
results and consequences thereon were caused by the carelessness,
recklessness and negligence of defendant, her agents, servants,
licensees and/or employees concerning the ownership, operation,
maintenance, management and control of the afore described vehicle;

3

1  in failing to have said vehicle under control; in failing to see
2  what there was to be seen; in failing to keep an adequate and
3  proper lookout; in failing to maintain the said vehicle in a
4  reasonably safe and proper condition; in failing to have steered
5  the vehicle in such a manner as to avoid the occurrence; in failing
6  to apply the brakes to have slowed down or to have stopped so as to
7  prevent the occurrence; in failing to be attentive to the
8  conditions then and there existing; in being oblivious to the
9  conditions then and there existing; in being oblivious to the
10 presence of other motorists lawfully situated at the afore
11 described location; in failing to yield the right of way; in
12 carelessly, recklessly and negligently failing to avoid striking
13 plaintiff's vehicle; in failing to have said vehicle under control;
14 in operating said vehicles at an unreasonable rate of speed; in
15 failing to obey the traffic signals and roadway signs or markings
16 then and there existing; in failing to apply the brakes or
17 otherwise maneuver said vehicle so as to lessen the impact with
18 said plaintiff's vehicle; in colliding with plaintiff's vehicle;
19 in carelessly, recklessly and negligently failing to avoid the
20 collision; and in carelessly, recklessly and negligently causing
21 the collision wherein the vehicle in which plaintiff was situated
22 was struck by said Chevrolet from the side; in violating each and
23 every rule, regulations, code, statute or ordinance governing the
24 exercise of reasonable care and due diligence in operating a motor
25 vehicle upon the public streets, highways or roadways in the County
26 of Orange, State of New York, including but not limited to the
27
28                                    4

Vehicle and Traffic Law of the State of New York, including VTL section 1101, 1180, 1190, 1163, 1160, 1128, 1129,1111,1140, 1141, 1142, 1146, 1151, 1163, 1110, and further, plaintiff specifically reserves the right to rely upon the doctrine of res ipsa loquitur for resolution of any relevant issues raised at the time of trial.

15.      That by reason of the foregoing, plaintiff, ANTOINE JOHNSON, has been caused to be rendered sick, sore and lame, and to suffer certain serious, severe and permanent personal injuries and conditions, including but not limited to multiple damaged cervical discs as confirmed by MRI, and has under went surgical laminectomy, fusion and insertion of metallic hardware and bone grafts, and has been caused to be treated at a hospital facility and to incur expenses for medical and therapeutic care and treatment, and has been caused to suffer loss of earnings, past earnings and economic damage, and has otherwise been caused to be damaged thereby.

16.      That no conduct on the part of the plaintiff herein contributed to the occurrence in any manner whatsoever.

17.      That plaintiff has sustained a "serious injury" as defined in the Comprehensive Automobile Insurance Reparations Act contained within the Insurance Law of the State of New York.

18.      That plaintiff is entitled to recover for such economic and "non-economic" losses as defined in the Comprehensive Automobile Insurance Reparations Act as contained in the Insurance Law of the State of New York.

19.      That defendant shall be answerable in damages as to the full amount of any judgment without regard to the apportionment

of liability, as this matter falls under one or more of the exceptions as contained in Section 1602 of Article 16 of the Civil Practice Laws and Rules.

    20.      That by reason of the foregoing, plaintiff has been caused to be damaged in the sum which exceeds the jurisdictional limits of any other Court of competent jurisdiction.

**WHEREFORE**, plaintiff demands judgment against defendant in the sum which exceeds the jurisdictional limits of any other Court of competent jurisdiction, plus the interest and costs of this action.

Dated: February 5th, 2008
       New York, N.Y.

HOWARD E. SHAFRAN (3423)
SHAFRAN & MOSLEY, P.C.
Attorney for Plaintiffs
Office & P.O. Address
The Empire State Building
350 Fifth Avenue, suite 2310
New York, N.Y.  10118
(212) 631-7000

6