UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANTOINE JOHNSON,

                              Plaintiff,          **DEMAND TO FURNISH**
                                                        **SPECIFIED INFORMATION**

    -against-
                                                          08 CV 1324  (KMK)

ALFRED MASTARRIGO,

                              Defendant.
---------------------------------------------------------------x

        **PLEASE TAKE NOTICE**, that pursuant to FRCP Rule 26, et seq., the below named attorneys demand that you produce the following items within thirty (30) days after receipt of this Demand:

### DEMAND FOR MEDICAL INFORMATION

        1.    The names and addresses of all physicians or other health care providers of every description who have consulted, examined or treated the plaintiff for each of the conditions alleged caused by, or exacerbated by, the occurrence described in the complaint including the date of such treatment or examination.

        2.    Duly executed and acknowledged HIPAA compliant written authorizations directed to any hospital(s), clinics, or other health care facility in which the plaintiff(s) herein claiming injury, is/are or was/were confined due to the occurrence set forth in the complaint, so as to permit the securing of a copy of the entire hospital record or records including x-rays, CAT scans, MRI films or other diagnostic films and technicians' reports, by the undersigned.

        3.    Duly executed and acknowledged HIPAA compliant written authorizations to allow the undersigned to obtain copies of the complete office medical records relating to the plaintiff(s) from each physician or health care provider identified in (1) above.

        4.    Copies of all medical reports received from each physician or health care providers identified in (1) above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered at the trial.

        5.    In the event plaintiff(s) claim exacerbation of a pre-existent injury, demand is hereby made for duly executed and acknowledged HIPAA compliant written authorizations to allow the undersigned to obtain copies of the complete medical records includ-

ing those from all physicians, hospitals, health care providers, pharmacy or drug store records, with respect to any drugs prescribed for plaintiff(s) from one year prior to the occurrence described in the complaint to the present date.

6. Duly executed and acknowledged HIPAA compliant written authorizations to allow defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff from one (1) year prior to the occurrence described in the complaint to the present date.

7. The names and address of every physician or other health care provider, hospital, clinic or other health care facility which, for the five years prior to the date of the accident, examined or treated the plaintiff for any injury or condition which is also claimed in this action. Also, state the dates of any such treatment or examination.

8. Duly executed and acknowledged HIPAA compliant written authorizations to allow this defendant to obtain the complete medical records of every physician or other health care provider, hospital, clinic or other health care facility which, for the five years prior to the date of the accident, examined or treated the plaintiff for any injury or condition which is also claimed in this action.

## DEMAND FOR COLLATERAL SOURCES

1. A statement whether any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security, workers' compensation, employee benefits programs, etc.

2. If so, state the full name and address of each organization, program or entity providing such replacement indemnification.

3. An itemized statement of the amount in which each such claim of economic loss was replaced or indemnified by each organization, program or entity identified in (2) above.

4. Duly executed and acknowledged *original* written authorizations allowing us to obtain all such records.

5. The amount of premiums actually paid by the plaintiff(s) in the two (2) year period preceding the accrual of his/her/their cause of action.

6. The amount of premiums actually paid by the plaintiff(s) between the accrual of his/her/their cause of action and the present date.

7. The projected future costs of the plaintiff(s) maintaining such benefits.

## DEMAND FOR WITNESSES

1. The names and addresses of any and all witnesses to the occurrence complained of herein, whether or not obtained by investigation made after the date of the occurrence and regardless of how made.

2. The names and addresses of any and all witnesses whose testimony will be relied on to prove the existence of a defective condition, whether or not obtained by investigation made after the date of the occurrence and regardless of how made.

3. The names and addresses of any witnesses concerning any <u>admission</u> allegedly made by any party.

4. The name and last known place of residence or business of any person with information or knowledge of facts relevant to the incident(s) or occurrence(s) which is the subject of this litigation.

## DEMAND FOR PHOTOGRAPHS

Please furnish copies of all photographs, slides, video tapes and/or motion pictures in your client(s)' or your client(s)' representative's possession, pertaining to the accident site, defective condition(s) claimed and/or instrumentality(ies) in issue, and the injuries or damages sustained.

## DEMAND PURSUANT TO G.O.L. 15-108

If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable for the injuries (or damages) alleged in the complaint within the meaning of G.O.L. Section 15-108, please set forth (a) the name and address of the person, corporation, insurance company or other entity making such payment or promise, and (b), state the amount(s) which have been or will be with reasonable certainty received by plaintiff(s).

## DEMAND FOR ACCIDENT REPORTS

1. Police, emergency services or fire department reports, Aided Reports, logs, ambulance or EMS reports, MV-104s, concerning the accident.

2. Reports prepared by private guards or security personnel or private police, or agents or employees concerning the accident.

3. Accident reports prepared in the regular course of business operations or practices, discoverable pursuant to FRCP 26.

## DEMAND FOR EXPERTS

Pursuant to FRCP 26(a)(2), you are to provide:

1. The name and address of every such expert;

2. the subject matter on which each such expert will testify;

3. the substance of the facts and opinions on which each such expert is expected to testify;

4. the qualifications of each expert witness and a summary of the grounds for each expert's opinion.

Please take further notice, that if any such expert which you expect to call as a witness on the trial of this action intends to rely upon or introduce into evidence any portion of any technical standard or learned treatise, you are hereby required to identify any such standard or treatise, including in the case of standards, the issuing body and the standard number; in the case of books, author, title, publication date and publisher; and in the case of journal articles, journal title, volume number, page, publication date and publisher.

## DEMAND FOR STATEMENTS

Pursuant to FRCP 26(b), you are required to produce:

1. Any signed or unsigned statement or statements, or copy of any recorded statement or document made by or taken from any party represented by the undersigned in this action, or from any agent, servant or employee of any defendant represented by this office.

2. Any signed or unsigned statement or statements, or copy of any recorded statement or document made by or taken from any co-defendant or agent, servant or employee of any co-defendant.

3. The name and address of each and every individual who spoke, discussed or otherwise communicated with the defendant(s), about the occurrence of the accident or the alleged injuries herein, and any notes, recordings or memoranda made by such individuals.

## DEMAND FOR SCHOOL AUTHORIZATIONS

Set forth duly executed and acknowledged authorizations, pursuant to FRCP 26, permitting the undersigned to obtain copies of the school records of the plaintiff(s) from the beginning of the school year preceding the date of accident as set forth in the complaint to the present period.

## DEMAND FOR NO-FAULT RECORDS

If a claim has been or will be made by plaintiff(s) pursuant to the terms of ARTICLE XVIII of the Insurance Law of the State of New York (No-Fault Law); with respect to each and every application and/or claim:

1. Set forth the name, address, policy number and claim number of each company to which a claim has been made or will be made.

2. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain copies of the records relating to the plaintiff(s) from each company identified in the response to the above.

## DEMAND FOR WORKER'S COMPENSATION RECORDS

If a claim has been made or will be made by plaintiff(s), pursuant to the terms of the Worker's Compensation Law, with respect to each and every application:

1. Set forth the name, address, and policy number to which a claim has been or will be made, together with the Worker's Compensation Board file number.

2. Set forth duly executed <u>original</u> authorizations directed to the Worker's Compensation Insurance Carrier <u>and</u> the Worker's Compensation Board, to allow the undersigned to inspect, copy and obtain all Worker's Compensation records pertaining to the incident and injury alleged in the complaint.

## DEMAND FOR DISABILITY RECORDS

If a disability claim has been or will be made by plaintiff(s), pursuant to the terms of the Social Security Laws, with respect to each and every application and/or claim:

1. Set forth the claim office, address and the claim number assigned.

2. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain copies of the records relating to the plaintiff(s).

## DEMAND FOR EMPLOYMENT RECORDS

1. The names and addresses of all plaintiff(s)' employers for five (5) years prior to the accident and up to the present, including the dates of employment by each such employer.

      2.      Duly executed and acknowledged <u>original</u> written authorizations to allow us to obtain the complete employment records for the plaintiff(s) from each of the employers identified in (1) above.

## DEMAND FOR TAX RECORDS

      1.      Complete tax records for the plaintiff(s) for a period of five (5) years preceding the occurrence herein and up to and including the present time.

      2.      If copies of tax records for the plaintiff(s) are not available, duly executed and acknowledged <u>original</u> authorizations, Internal Revenue Service Form 4506, directed to the undersigned for each year as set forth in (1) above will be accepted.

      3.      In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each federal income tax return filed by, or on behalf of the decedent for each of the two (2) preceding years.

## DEMAND FOR TRANSCRIPTS

Please furnish a copy of any transcript of testimony given by or on behalf of plaintiff(s) in respect of the occurrence of the injuries (or damages) alleged in the complaint, excepting any such testimony given herein.

## DEMAND FOR BILLS AND RECEIPTS

Please furnish a copy of each bill, receipt or promise to pay for any cost or expense arising out of the occurrence of the injuries (or damages) alleged in the complaint and claimed as an element of recovery herein.

## DEMAND FOR UNION RECORDS

      1.      If plaintiff was a member of a union at the time of the accident, set forth the name and address of the union.

      2.      Set forth executed original authorizations directed to the union to obtain all union records.

## DEMAND FOR BANKRUPTCY PETITION

If the plaintiff herein was a petitioner in a bankruptcy case at the time of the accident sued on herein, or if the plaintiff became a petitioner in a bankruptcy proceeding subsequent to the date of accident sued on herein, set forth the following:

      1.      The title of the proceeding, the name of the court where such proceeding was commenced, the docket number of said proceeding, the judge

      assigned to the case, the names, addresses and telephone numbers of the bankrupt/debtor's attorney and the bankruptcy trustee.

      **PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand and that defendant demands compliance with this demand throughout the course of this lawsuit as new or additional information is acquired by opposing parties and/or their counsel.

Dated: White Plains, New York
       July 15, 2008

      LAW OFFICE OF THOMAS K. MOORE

      By: _____s/_____
         BRIAN J. POWERS (BP-1992)
      Attorneys for Defendant
      ALFRED MASTARRIGO
      Office & P.O. Address
      701 Westchester Avenue - Suite 101W
      White Plains, New York  10604
      (914) 285-8500

TO:

SHAFRAN & MOSLEY, P.C.
Attorneys for Plaintiff
The Empire State Building
350 Fifth Avenue, Suite 2310
New York, New York  10118
(212) 631-7000